The third case for argument today is United States v. Holden. Mr. Holler Good morning, Your Honors, and may it please the Court, David Holler on behalf of the United States. Title 18 United States Code section 922A6 prohibits making a false statement intended to deceive a licensed firearms dealer with respect to a fact material to the lawfulness of the sale of a firearm, quote, under the provisions of this chapter. Under Title 18 Chapter 44, a firearms dealer may not sell a firearm to a person who is under felony indictment or information, and Holden has admitted that he falsely and with intent to deceive that firearms dealer stated that he was not. Under binding Supreme Court precedent, that really is the end of this case. It is irrelevant whether the underlying statute is unconstitutional, and therefore the district court never should have reached out to decide that question. Alternatively, as the government has also argued here in other contexts, 18 U.S.C. section 922N is constitutional, and therefore that would also provide grounds for reversal of the district court's decision here. This really is a statutory construction case. What does 18 U.S.C. 922A6 require? And essentially I think both the district court and my opponents stop halfway through the statute. They don't read to the end of the statute. And all of the other decisions that we've relied on, Dennis, Knox, Bryson, all of those cases state you don't reach the constitutional question. You simply look at the statute. So, Mr. Holler, what's the point of the statute if the thing that it's being lied about is actually an immaterial thing? You know, you lied about the fact that you were born on a Tuesday as opposed to a Wednesday, but nobody really cares whether it was a Tuesday or a Wednesday. Well, there's – I mean, if the statute doesn't ask for that information, if Title 18, Chapter 44 doesn't request that specific information, then it would not be material. But both 922D1 and 922N, which are part of the chapter, essentially require the firearms dealer to know whether or not the person is under indictment or under information. Right, and so what I'm trying to get at is what I think your opponents are arguing is that once we apply all this, you know, Bruin and Heller and everybody else filter to the underlying question, under indictment or under information, is the piece of information that Mr. Holden lied about something that's material at all? Are there reasons that the government would have to collect this piece of information, or does that not matter? Is it just a rule that you can't lie on a government form even if you don't see the point of the question that the government's asking? It's the latter. All of the cases that we've cited, I think – I mean, look, I suppose Knox might be the best case. I mean, in that particular case, the Supreme Court had already, I believe, struck down on Fifth Amendment grounds the statute. They said we can't require people to report that they've been wagering – they've made money from gambling, from wagering, because, of course, then they're going to be indicted for that crime at the time that gambling was illegal. And they said, well, what do you do? You either refuse to file a form, you file a civil suit against the government, you tell the truth, and then when they try to charge you with that, you invoke your Fifth Amendment rights. But the one thing that you can't do, the one thing you're not allowed to do is essentially say, I want to avoid this issue entirely by lying. Then you've violated another statute. So Mr. Holden could have filed a civil suit. I mean, there's a case pending before this court. There are many such suits floored by the courts. There are many such suits pending. He could have told the truth on the form, and if the firearms dealer denied the form, they could have sued. The firearms dealer might have been able to sue if they wanted to sell him a firearm anyway. But the one thing that he can't do – and this is just black-letter law from these cases, and I recognize they're older cases, but they've never been contested in any serious way by the Supreme Court. This court has followed them in Lawton and more in the other cases that we've set forth. So this case is really just at an end on that ground alone. I am sure that this court will have plenty of opportunities to resolve the constitutionality of 922N and many other firearm statutes under Bruin, unless the Supreme Court clarifies, or Bruin in some way before then, and then you can interpret it under Rahimi or under whatever the other new Supreme Court case is. But in this particular case, this particular indictment was a 922A6 indictment, not a 922… A material fact that was lied about in this case. …that the defendant was under felony information, which he was, and he admitted that at the change of plea hearing. You're saying at that moment – I think there's an interesting ex-ante, ex-post dimension to this issue. At the moment that he misrepresents this fact, he lies about whether he's under felony indictment or information, had he told the truth, the firearms dealer in that moment would have been required to deny the sale. Now, at some future point, you know, if 922N disappears from the U.S. Code, there might be a day when that isn't the case anymore, but really right now it is. And I guess what you're saying is that self-help about the constitutionality of the underlying question is not a rule of law kind of approach. You know, you have to tell the truth. That's been clear since Kapp and Kaye in the 1930s. And I think the Bryson case… What do you think would happen if next year the Supreme Court holds 922N unconstitutional? What can happen in 2025 if somebody gets this question on the forum? The forum stays where it is. So for a person in that case, that's an open question, Your Honor. We know it's an open question. And that's why I ask you, what in the position of the United States would happen? I think the official position of the United States, although the Supreme Court and Bryson left that question explicitly open, is that in theory we could prosecute that case. I doubt that anyone would exercise prosecutorial discretion to do that. I expect that ATF would very quickly revise the form as it has in the past. But as a matter of law, could we do that? I think the answer is yes. I was actually trying to see whether you would at that point rely on Section 922G1. Or it's G2, I'm sorry. The one that says a felon can't possess a firearm. Oh, well, for Mr. Holden? The question would be, is being under indictment material to the question about felon in possession? Because under indictment one day you may be convicted the next before the delivery of the weapon. It's a question about materiality. That would, I suppose, be a question as well, Your Honor. I know it's a question. I don't know what the government would do. All right. I don't. All right. I respect the statement. The Justice Department hasn't taken a position on that yet. We have a long ways to go before that. And I think we're trying to fight the battle of keeping these statutes constitutional for now. You know, I would, although I don't think the court needs to reach the question, as I said, it is an alternative ground on which the court could affirm. And we do believe that Section 922N is constitutional. And I think cutting through all of the stages of analysis and everything else, I think what I just would like to say as my basic point is, in colonial times we had the power to detain people for felonies and hold them in jail where they didn't have access to firearms for any capital offense. And capital offenses included counterfeiting and embezzlement and adultery and horse theft and all kinds of fairly minor offenses. And if we could do that, if we could take somebody's bundle of sticks and liberty rights and based on a probable cause finding, take them all away, on that same finding, we believe we can take away their right to purchase a new firearm. So here's what, you know, is interesting to me about that argument. Not everybody, certainly today, not everybody even then was detained. There were some offenses that you didn't get detained for. Sometimes you could give a surety, right? You could do different things. And one of the arguments that I've understood is being made in many of these gun cases is that these across-the-board disabilities have got to go by the wayside. If Mr. Holden, you know, had committed a triple murder, then maybe you could take his gun rights away just while – if he's accused of something that drastic. If he's accused of swindling old people, you know, putting a new roof on their house or something, then maybe not. But more lines need to be drawn, it seems, under what the Supreme Court is telling us in Bruin, et cetera. Your Honor, I guess my response to that question would be that if a specific defendant had a specific as-applied challenge to the statute, that that's typically the way we do these. We don't strike the criminal statute and say, well, there might be some application where it's not going to make sense. We leave the criminal statute in place and we allow the defendant to sue. That's what's happening in the G1 context. In the G1 context, the defendants in the civil side are not saying this G1 has to be stricken because it doesn't allow for exceptions. They're saying I, as applied to me, deserve a specific exception. Mr. Holden hasn't said I, me, who was charged with assaulting a police officer, a felony, deserve a specific exception. He's saying wipe away the whole statute, and he can't do that. And the whole statute cannot be wiped away because it is consistent with this nation's historical tradition of detaining people. I think if one goes back through and analyzes the cases that we have cited, I do think that they do support the notion that capital crimes, which were modern-day felonies, there was very rare exceptions. I mean, you know, Justice Marshall in the Aaron Burr case has seemed to say, well, before the grand jury indicts, probably you can be released. And then once the grand jury said there's probably a cause, you're being held until trial. If that's the case, then we can certainly, consistent with this nation's historical tradition, bar someone. Again, 921 doesn't even take their firearms away. I'm sorry. What about the historical tradition of the presumption of innocence? Well, there is a historical presumption of innocence. And Kalev has recently said, look, we can freeze your assets and prevent you from hiring counsel of your choice. Consistent with the presumption of innocence, if you're charged with a crime of, you know, I think you can be told to have no contact orders with somebody. That implements your First Amendment rights. The Second Amendment is to be put on the same plane as every other right. Every other right can essentially be taken away from you in prison. So we can take away some of those rights. And again, 922N does not even take away your firearms. It prevents you from buying a new firearm. It doesn't take away the ones you already have. I'm sorry. I want to back up because this hasn't come up yet. It's the Huddleston case where the Supreme Court defines the conduct that's prohibited under 922A6. And that's making a false statement that a licensed dealer is using to determine whether or not you're eligible to buy a firearm. And so the hypothetical that Judge Wood posed, if you're born on a Wednesday but you lie on the form and say it's a Tuesday, would that lie be enough under 922A6? I don't think that would be a lie unless there's a provision of the Gun Control Act that I'm unaware of that says that that makes a difference. But one of you might know that. But I'm not aware of anything. But you would have to review the act to know the answer. 922D1 and 922N say that this particular false statement was material. And that's what decides this case. I'm well into my rebuttal time. Let me come back to a version of my question. Nothing is held invalid. But suppose the forum calls for a social security number, right? And there's no federal law making it a crime for somebody who has a social security number to buy a gun. Forum calls for a social security number. Under what circumstances would that be material if you lie about your number? I mean, I suppose if it somehow interfered with our ability to determine your identity. That's certainly one possibility. You claim somebody else's number. It disguises the fact that they would use the number to find if you had a conviction. So we live in a world where presumably there are things not at the first level material to some other statute where the information is useful in investigation. How do we figure out what that is? Well, I mean, Abramski sort of discusses and Huddleston both discuss the nature of the statute. Beyond that, I don't know that we've gotten into the weeds of the details of that to that level or degree. There is a separate provision, 924A1A, for anything that is called for to be kept by the records of the firearms dealer. So that could encompass certain regulations that aren't called for specifically in the act itself in Title 18, Chapter 44. And I mean, Lawton sort of dealt with that already. So part of Mr. Holden's argument ironically seems to be we charged him under the wrong statute. But I think Abramski said that otherwise those statutes are essentially in part material. I would like to reserve the last 30 seconds. Certainly, counsel. Mr. Schmidt. May it please the court. 922A6 is a very particular kind of statute prohibiting lies. And it's particular because it says that under 922A6, as Congress wrote the law, it's only actionable if the misrepresentation is material to the lawfulness of the sale. And to Judge Easterbrook's point, that's the limiting principle. So what about my Social Security number question? Your Honor, I believe that it would not be material. Why not? Suppose the Social Security number is a means by which a search is conducted to see whether there is some disqualification. To that extent, then I would agree with you. Right. The Supreme Court has said that a fact is material if it has a potential bearing on something. Well, the fact that somebody is under indictment also can be used to search for other information. But it's not just any kind of materiality. It's material to the lawfulness of the sale. But I think what Judge Easterbrook is saying is that the second layer, the false Social Security number or the false statement about one's status in the criminal justice system, can also be material to the sale. This isn't the only gun regulation. There are background checks that are conducted. The government sometimes is trying to discover whether a person who is a perfectly lawful gun owner had their firearm stolen, which was then used to commit crimes. And they trace the stolen firearms with the kind of information they collect. So this isn't necessarily something that's picking on people who shouldn't be having guns. It's a body of information the government collects. I agree. To the extent that a question asks about someone's identity, that's relevant because it could be material to the lawfulness of the sale, that person's identity. For example, presumably there are questions of status with respect to the firearm purchaser that remain constitutional after brewing. Take a simple example. A person honestly answers that he's under indictment. Before delivering the gun, somebody goes and looks at the indictment. And the indictment turns out to be for the crime of possessing a firearm as a previously convicted felon. Right? That wouldn't be relevant. It might not be material under N. It might be material under G1. And I don't see anything in the statute that says it has to be material under any given subsection. That's correct. There are lots of things you can track down with information. That's correct, Your Honor. Well, another thing the indictment might reveal is that you are not lawfully in this country, which relates to another subsection of the statute. I respectfully disagree. I think it's 922N that drives the materiality of the question. Well, it might. Take Judge Wood's example. Somebody who is not lawfully in the country can't possess a firearm. Suppose the indictment turns out to be for the crime of illegal reentry having previously been removed as an alien. Right? That reveals the fact that the person is an alien. Or at least it reveals a substantial likelihood that the person is an alien. There are all sorts of things you can get out of an indictment. I think that extends the term material to the lawfulness of the sale too far. Why? Because what we're talking about is the government's even granting that maybe there is no 922N anymore someday. I don't know. Maybe there will. Maybe there won't. But the government has a strong interest in truthful responses to questions on the ATF form. And we've given you a couple of examples that might not mean that this is an automatic disqualifier in and of itself. But having gone to the indictment and looked at it, we've given you a couple of examples where it might turn out that there is a problem with this sale. And the sale wouldn't go forward if the firearm dealer realized, oh my gosh, this person is not lawfully in the country. Or this is a phony social security number. Or any of a number of other things. That's section 924A1A, Your Honor. And that's not what Mr. Holden was charged with. He was charged with lying is what he's charged with. And the predicate, the underneath, the next layer down is 922N. But you're defending the right to lie to the government. No, Your Honor. The government's argument is premised on trying to project 922A6 as just a lying statute. It's not. It is the very specific statute that says a person can be held and permanently punished under 922A6 only if their misrepresentation is material to the lawfulness of the sale. And what is it that determines the lawfulness of the sale? It's the prohibitions. It's all of the prohibitions in 922. Correct. All of them in 922G and also 922N in a different subject. But if it's unconstitutional, then it's not material to the lawfulness of the sale. That's what that phrase means. Is it unconstitutional to prohibit sales of firearms to illegal aliens? No. All right. At least not under this circuit's law. No, Your Honor. But under Bruin and the heightened scrutiny that Bruin mandates, 922N— I must say, if you want to rely on the language of the statute, let's look at the language of the statute. It says material to eligibility under the statute. It doesn't say material under the Constitution, right? It's asking a question about what else is in this statute. You don't seem to want to answer that. Or rather, you really concede it's material to the lawfulness of the sale under 922N. And then you say that 922N is itself invalid. But I don't see how that, if we're talking about second-level materiality, how does that get back? It is material under 922N. Even if the Supreme Court holds 922N invalid, there will be no doubt that this answer was material under 922N. Your Honor, I respectfully disagree. It's the prohibitions of 922G and 922N that drive the lawfulness of the sale. That's what that means. Otherwise, there would be no point to having Section 924A1A, which says if you make any lie with respect to a firearms transaction, you're liable. No, Congress, are you sitting here saying that Congress never enacts overlapping statutes? And we have 1001 too. This ATF is a government agency. It's a form. There are 1001 prosecutions as well. Your Honor, I concede that Congress many times enacts overlapping statutes, but they were very specific. Why? You're exactly right. They were very specific on 922A6, and they made it— But it's not the only place where there are materiality requirements. Judge Easterbrook alluded a few minutes ago to the False Claims Act. We understand what materiality often normally means. Pretty broad. Right, but materiality under 1001 or materiality under Section 1623, that's a different kind of materiality. Those are general materiality statutes. Why aren't they materiality vis-à-vis the transaction? Because Congress wrote it differently. They didn't say that's material to the firearms transaction. They could have written it that way, but they didn't. They said material to the lawfulness of the sale, and if you— But you're excluding the possibility that—well, first of all, you are inviting everybody to take the law into their own hands and kind of self-assess whether any question on any government form is or is not material to what the form is asking about. It doesn't strike me as a good strategy if you're filling out, you know, like the security clearance form or some of the other forms that the government has. You're also saying that there's no way after Bruin that a question about being under indictment or information could ever possibly be material to the lawfulness of a firearms sale, and that hasn't been decided yet by the Supreme Court. You're arguing for a privilege to ignore statutes that you think are eventually going to be held unconstitutional. Not quite, Your Honor. This sure sounds like that to me. Mr. Holden is not attacking the government's right to ask a question. He's not challenged the constitutionality of that. He's not challenged Section 922A6 straight on. That's the problem, of course, since your client was convicted under 922A6 and not 922N. One would ordinarily think that the validity of a 922A6 conviction depends on 922A6 and not on the validity of some other statute. It's a simple two-step process here, though. It's not remotely so simple as we've already been through in talking about what if the indictment is for being an alien who enters the United States illegally after previously being removed. It would reveal something that would make it unlawful for that person to possess a firearm and therefore would be material and so on. The government took the epilee to task in its brief for saying that we reversed the right order of the question, that we should have started with A6 and then moved— And the reason they said it is because that's the statute of conviction. Yes. Or the statute in the indictment, let's just say. But I would argue, Your Honors, that logically it makes sense to start with 922N because if 922N is constitutional, then you don't get to the statutory construction question. The Supreme Court has been very clear that you start with the statute and reach the Constitution only as a last resort. The proposal that we start with the Constitution and reach the statute as a last resort inverts the normal means that we've been told we must follow, and we do try to follow marching orders. Understood. I would like to make the point that the government never raised the issue of 922D1 in the district court, and hence that argument is waived or forfeited. It only argued below that Mr. Holden didn't have a privilege to lie, and we concede that. He doesn't have a privilege to lie, but rather 922A6 says material to the lawfulness of the sale. That's driven by 922N in this case, and the government never argued— Why in this case? Right? Why not say—we've been pursuing this. Maybe this is just yielding a lily. Why not say the government can ask about an indictment because it might be material to any part of any of the subsections of this statute, and you can't know until you get an honest answer. All we know from the indictment or all the indictment alleges is that there was a lie. But that's not the way Congress wrote 922A6, Your Honor. Congress wrote it very specifically, and in order to give meaning to the word lawfulness of the sale, you have to look to the actual prohibitions of Chapter 44 of Title 18, and those are contained—  Because that's— Do you think an indictment would be invalid if it just alleged a violation of A6 and didn't name any other subsection? I believe an indictment would be not particular enough if it didn't state what the particular— But why? Here, look, the problem is your client doesn't reveal what he's under indictment for, which might make it very hard, since your client lied in response to the question. It might make it very hard to figure out what other subsection applies. All we know from the indictment is that your client lied. And just to be clear, you know, you attached actually in your brief, this indictment puts all the bells and whistles from 922A6 in here. Knowingly made a false and fictitious statement to Worldwide Jewelry & Pawn that was intended and likely to deceive Worldwide Jewelry as to a fact material to the lawfulness of the sale. You know, they go through the whole thing, all in violation of 922A6. So they're not just—they didn't just say he lied, period. You know, so says the grand jury. No, the government tracked the language of the statute. Mr. Holden could have been prosecuted for a lie with respect to any old indictment or anything that the government could have investigated. But nothing in the language I just read you limits it to 922N. No, except the language that it has to be material to the lawfulness of the sale. That's embedded in the essential element instructions for 922A6. Okay, I think we have your point. At least I'm satisfied. Thank you very much. Thank you, Mr. Schmidt. Mr. Holler, anything further? Your Honor, I think the Supreme Court cases I've already cited establish that the court does not reach the constitutional question. And I think that the Supreme Court's most recent interpretation of A6, Abramski, reads that case— reads A6 mostly in paramateria with 924A1A and does read it broadly. It says you have to tell us who is actually buying the firearms so we can figure out whether you violated a provision of the chapter. And similarly here, for all the reasons you guys have already stated, I think it applies here as well. Thank you. Thank you very much. Mr. Schmidt, we appreciate your willingness to accept the appointment and your assistance to the court as well as your client. The case is taken under advisement.